**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Nathaniel Johnson, Jr., Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2019-001627

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-071
Submitted January 1, 2022 – Filed February 16, 2022

———————

**AFFIRMED**

———————

Nathaniel Johnson, Jr., pro se.

Imani Diane Byas, of Columbia, for Respondent.

———————

**PER CURIAM:** Nathaniel Johnson, Jr. appeals an order of the administrative law
court (ALC) dismissing his inmate grievance appeal. On appeal, Johnson argues
the ALC erred by holding (1) it lacked authority to determine whether South
Carolina Department of Corrections (SCDC) Policy HS-18.17 violates the South
Carolina Constitution and (2) it lacked jurisdiction to consider his claim for
reimbursement of medical co-pays deducted from his inmate account by SCDC

because the claim did not implicate a state-created liberty or property interest.  We affirm.

1. The ALC correctly concluded it lacked authority to determine whether SCDC Policy HS-18.17 violates the South Carolina Constitution.  *See Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000) ("AL[C]s have no authority to pass upon the constitutionality of a statute or regulation."); *Howard v. S.C. Dep't of Corr.*, 399 S.C. 618, 630, 733 S.E.2d 211, 218 (2012) (stating the ALC lacks authority to consider a facial challenge to the constitutionality of a SCDC policy).

Additionally, SCDC Policy HS-18.17 does not violate article I, section 13 of the South Carolina Constitution because there is no evidence SCDC collected the medical co-pays for private use and SCDC inmates receive "just compensation" in the form of medical services provided by SCDC.  *See* S.C. Const. art. I, § 13(A) ("[P]rivate property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made for the property.").

SCDC Policy HS 18.17 also does not violate article XII, section 2 of the South Carolina Constitution.  *See* S.C. Const. art. XII, § 2 ("The General Assembly . . . shall provide for the custody, maintenance, health, welfare, education, and rehabilitation of . . . inmates."); *S.C. Dep't of Corr. v. Cartrette*, 387 S.C. 640, 649, 694 S.E.2d 18, 23 (Ct. App. 2010) (concluding deductions from an inmate's pay for room and board did not violate the state's obligation under article XII, section 2 of the state constitution to "provide for the custody, maintenance, health, welfare, education, and rehabilitation of [its] inmates").

Johnson's remaining claims concerning SCDC Policy HS-18.17 are not preserved for appellate review.  *See* SCALC Rule 40, ("Prior to filing a Notice of Appeal from the decision of [the ALC], a party must file a motion for rehearing . . . ."); *Al-Shabazz v. State*, 338 S.C. 354, 379, 527 S.E.2d 742,755 (2000) ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review.").

2.  Any error by the ALC in declining to exercise jurisdiction over Johnson's claim for reimbursement under Proviso 37.16 of Part IB of the 2005-2006 South Carolina Appropriations Act of all medical co-pays previously deducted from his inmate account is harmless.  *See* H. 3716, Appropriation Bill 2005-2006, Part IB § 37.16 (Act No. 115, 2005 S.C. Acts 290) (authorizing the SCDC director "to charge

inmates a nominal fee for any medical treatment or consultation provided at the request of or initiated by the inmate," as well as "[a] nominal co-pay . . . for prescribed medications").

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.